# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JERRY ARCHULETA,

      Plaintiff,

v.                                            No. CIV 04-0247 JB/DJS

CITY OF SANTA FE, SANTA FE POLICE
DEPARTMENT, JOHN DENKO, both in his
individual capacity and official former capacity
as Chief of Police, BEVERLY LENNEN, both in her
individual capacity and official capacity
as Chief of Police and ANDREW LEYBA, both
in his individual capacity and official capacity
as Captain in the Santa Fe Police Department,

      Defendants.

and

CITY OF SANTA FE, et al.,

      Defendants/Counter-Claimants,

v.

JERRY ARCHULETA,

      Plaintiff/Counter-Defendant.

## <u>MEMORANDUM OPINION</u>

**THIS MATTER** comes before the Court on the Defendants' Motion for Judgment on the

Pleadings as to Count II of the First Amended Complaint with Supporting Authority, filed December

29, 2004 (Doc. 29). The primary issue is whether Count II states a cause of action under 42 U.S.C.

§ 1983. The Court entered an Order granting the motion in part and denying it in part on October

29, 2005 (Doc. 114). In footnote 1 of that Order, the Court promised to issue a memorandum

opinion explaining the reason for its decision to grant in part and deny in part the Defendants' motion.

## PROCEDURAL BACKGROUND

On June 18, 2004, Archuleta filed his First Amended Complaint. <u>See</u> Doc. 13. Archuleta's action arises out of his demotion and subsequent termination from his employment with the Santa Fe Police Department. <u>See</u> First Amended Complaint ¶¶ 10-16, at 3-5, filed June 18, 2004 (Doc. 13). Archuleta alleged that he was demoted as a "scapegoat" because of "the intense public pressure on the Santa Fe Police Department" following the disappearance of Robbie Romero. <u>Id.</u> ¶ 12, at 4. Archuleta contended that Defendant John Denko, the Chief of Police, stated both before and after the demotion that "he would find something to 'get' plaintiff." <u>Id.</u> Archuleta maintained that he was terminated for obtaining insurance benefits for the mother of his child because they were not married at the time, even though he acted after the adoption of a "domestic partners" policy that would have allowed such benefits. <u>Id.</u> ¶ 10, at 3.

Archuleta believed that his demotion and termination were "the culmination of a long series of incidents of harassment suffered by" him for the following actions: (i) refusing to carry out illegal orders; (ii) refusing to make certain arrests when no probable cause existed; (iii) arresting a suspect who was a friend of Defendant Beverly Lennen; (iv) "questioning or challenging of supervisors on matters of public concern"; and (v) being used as a scapegoat in the Romero case. <u>Id.</u> ¶ 13, at 4. He also argued that his termination came about because of a "results-oriented investigation" and a "sham" administrative process. <u>Id.</u> ¶ 16, at 5.

From this set of facts, Archuleta alleged in Count I of the First Amended Complaint that the Defendants violated his First and Fourteenth Amendment rights because his termination and the Defendants' alleged retaliation against him infringed on his rights to free speech and to petition for

a redress of grievances.  See id. ¶¶ 17-18, at 5-6.  In addition to a First Amendment claim, Archuleta

also made a Fourteenth Amendment due process claim in Count I of his First Amended Complaint.

See id.  The focus of the due process claim in Count I is his property interest in continued

employment.  See id.  Archuleta alleged in Count I that the Defendants violated his due process rights

when he was terminated as part of a campaign of retaliation against him.  See id.

Count II is styled "Violation of Plaintiff's Rights Under NMSA 29-1411 as Secured by 42

U.S.C. ¶ 1983."  Id. at 6.  Count II puts forth the following allegations:

> New Mexico state law and the United States Constitution prohibits retaliation against
> a peace officer for exercise of his rights as defined in NMSA 29-14-1, et seq. – the
> Peace Officer's Employer-Employee Relations Act and in the public policies of New
> Mexico.  Plaintiff's rights pursuant to this act were violated by defendants throughout
> the administrative processes undertaken with respect to plaintiff's demotion and
> termination and on other occasions in an attempt to intimidate plaintiff from pursuing
> his duties as a police officer with respect to arrests he made of friends of defendants
> or other politically-connected individuals.  Defendants repeatedly violated plaintiff's
> due process rights to procedures which reflect fundamental fairness, including but not
> limited to, providing him the opportunity to present evidence in his defense and to tell
> his side of the story to respond to the accusations leveled against him.  Defendants'
> conduct was arbitrary and unreasonable and a violation of plaintiff's constitutional and
> statutorily-protected rights.

Id. ¶ 20, at 6.

Count III put forth a Malicious Abuse of Process claim, alleging that the Defendants had

misused the judicial process by instituting criminal proceedings against Archuleta as a form of

retaliation.  See id. ¶¶ 21-22, at 6-7.  Counts IV and V alleged violation of NMSA 29-14-11 and

retaliatory discharge.  See id. ¶¶ 23-26, at 7-8.  Count VI asserted a breach of contract claim.  See

id. ¶¶ 27-29, at 8.

On December 29, 2004, the Defendants filed their Motion for Judgment on the Pleadings as

to Count II of the First Amended Complaint with Supporting Authority ("Motion for Judgment").

The Defendants state that they are entitled to judgment on the pleadings as to Count II because Count II seeks relief under § 1983 for a violation of the New Mexico Peace Officers' Employer-Employee Relations Act even though § 1983 does not provide for redress of a violation of state law.  <u>See</u> Motion for Judgment at 2.  The Defendants also represent that they sent their motion to opposing counsel, pursuant to D.N.M. LR-Civ. 7.1, on December 20, 2004.  <u>See id.</u>  According to the Defendants, Archuleta's counsel stated that she would communicate Archuleta's position regarding the motion on either December 23rd or December 27th, but had not done so as of the time the Defendants filed their motion.  <u>See id.</u>

In his response, Archuleta concedes that § 1983 "does not provide a basis for redressing violations of state law."  Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings as to Count II of the First Amended Complaint with Supporting Authority ("Response") at 2, filed January 18, 2005 (Doc. 34).  Archuleta explains that Count II actually states a cause of action for violation of procedural due process based on the Defendants' breach of the administrative procedures guaranteed by the New Mexico Peace Officers' Employer-Employee Relations Act.  <u>See id.</u>  Specifically, Archuleta alleges that his procedural due process claim is twofold.  <u>See id.</u>  First, Archuleta asserts that the administrative process was conducted with a retaliatory motive.  <u>See id.</u> at 2-3.  Second, Archuleta believes that limitations on his ability to present a defense violated his procedural due process rights.  <u>See id.</u> at 3.  Archuleta argues that the Court should look to state law to determine what process is due under the Fourteenth Amendment.  <u>See id.</u>  As a result, the Defendants' violations of New Mexico state law are, in turn, violations of Archuleta's constitutional rights under the Fourteenth Amendment and are thus properly redressable under § 1983.  <u>See id.</u> at 4.  Archuleta concludes that, in light of this argument, the Defendants have failed to show that

Archuleta would not be entitled to relief under any set of facts that could be proved consistent with the allegations.  <u>See</u> <u>id.</u>  Archuleta asks the Court for leave to amend his First Amended Complaint if the Court grants the Defendants' motion.  <u>See</u> <u>id.</u> at 4-5.

The Defendants reply that Archuleta has now reformulated Count II into a procedural due process claim under the Fourteenth Amendment instead of a claim under the New Mexico Peace Officers' Employer-Employee Relations Act.  <u>See</u> Defendants' Reply Brief on Motion for Judgment on the Pleadings as to Count II ("Reply") at 1-2, filed August 17, 2005 (Doc. 73).  As a consequence, the Defendants request that the Court treat its original Motion for Judgment as a Motion for Partial Judgment on the Pleadings.  <u>See</u> <u>id.</u> at 2.  The Defendants represent to the Court that they will address the procedural due process claim in a later motion for summary judgment on Count II, but that they contend that they are still entitled to judgment on the pleadings on Count II to the extent that it raises a claim under § 1983 for a violation of New Mexico law.  <u>See</u> <u>id.</u>

## <u>RULE 12(c)</u>

Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." <u>Atl. Richfield Co. v. Farm Credit Bank</u>, 226 F.3d 1138, 1160 (10th Cir. 2000)(citing <u>Mock v. T.G. & Y. Stores Co.</u>, 971 F.2d 522, 528 (10th Cir. 1992)).  The Court must accept as true all well-pleaded allegations in the complaint and construe them "in the light most favorable to the plaintiff." <u>Callery v. United States Life Ins. Co.</u>, 392 F.3d 401, 404 (10th Cir. 2004)(citing <u>Ramirez v. Dep't of Corr.</u>, 222 F.3d 1238, 1240 (10th Cir. 2000)), <u>cert. denied</u>, 2005 U.S. LEXIS 5523 (Oct. 3, 2005).  The Court should not grant the motion "unless it appears beyond doubt that the plaintiff

can prove no set of facts in support of [his] claim which would entitle [him] to relief." <u>Id.</u> (quoting

<u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957))(internal quotations omitted).

## **APPLICABLE LAW REGARDING § 1983 & PROCEDURAL DUE PROCESS**

42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress. . . .

As the Supreme Court has explained, there are only two allegations required to state a cause of action

under § 1983: (i) "some person has deprived [the plaintiff] of a <u>federal</u> right"; and (ii) "the person

who has deprived [the plaintiff] of that right acted under color of state or territorial law." <u>Gomez v.</u>

<u>Toledo</u>, 446 U.S. 635, 640 (1980)(emphasis added)(citing <u>Monroe v. Pape</u>, 365 U.S. 167, 171

(1961)).

The United States Court of Appeals for the Tenth Circuit has stated that "Section 1983 does

not . . . provide a basis for redressing violations of *state* law, but only for those violations of *federal*

law done under color of state law." <u>Jones v. City & County of Denver</u>, 854 F.2d 1206, 1209 (10th

Cir. 1988)(citing <u>Gomez v. Toledo</u>, 446 U.S. at 640)(emphasis in original).  The <u>Jones</u> rule

effectuates Congress' intent when enacting § 1983, which was to enforce the Fourteenth Amendment,

and the <u>federal</u> rights it protects, against a wave of violence that the Ku Klux Klan perpetrated during

Reconstruction.  See <u>Ngiraingas v. Sanchez</u>, 495 U.S. 182, 187-88 (1990)(explaining that § 1983

"was enacted for the purpose of enforcing the provisions of the Fourteenth Amendment" following

"a wave of murders and assaults . . . against both blacks and Union sympathizers" that the Ku Klux

Klan committed (citations omitted)(internal quotations omitted)); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 684-85 (1978)(instructing that "statements of the supporters of [§ 1983] corroborated that Congress, in enacting [§ 1983], intended to give a broad remedy for violations of <u>federally protected civil rights</u>," and quoting a statement by the Chairman of the Senate Judiciary Committee that § 1983 "'is one that I believe nobody objects to, as defining <u>the rights secured by the Constitution of the United States</u> when they are assailed by any State law or under color of any State law, and it is merely carrying out the principles of the civil rights bill, which has since become a part of the Constitution'" as the Fourteenth Amendment (emphasis added)).

"[A] breach of state procedural requirements is not, in and of itself, a violation of the Due Process Clause." <u>Atencio v. Board of Education</u>, 658 F.2d 774, 779 (10th Cir. 1981).  A violation of a state's procedural requirements becomes a violation of the Due Process Clause when the plaintiff has been "denied a fair forum for protecting his state rights."  <u>Id.</u> at 779-80.  The Tenth Circuit agreed with the United States Court of Appeals for the Sixth Circuit that

> "[i]t is not every disregard of its regulations by a public agency that gives rise to a cause of action for violation of constitutional rights. Rather, it is only when the agency's disregard of its rules results in a procedure which in itself impinges upon due process rights that a federal court should intervene in the decisional processes of state institutions."

<u>Id.</u> at 779 (quoting <u>Bates v. Sponberg</u>, 547 F.2d 325, 329-30 (6th Cir. 1976)).

When state officials fail to comply with a state's procedural requirements, a plaintiff may only sue if that failure also violates the minimum requirement of a fair forum under the Due Process Clause.  <u>See</u> <u>id.</u> at 779-80.  When a state guarantees more procedural rights than the Due Process Clause demands, § 1983 cannot be used to expand the Due Process Clause to cover that violation. <u>See</u> <u>id.</u> at 779 n. 11 ("We are not persuaded by cases which appear to hold that where a state grants

procedural protections for a property right above and beyond the constitutional minimum, these additional provisions are themselves enforceable under § 1983 and the Due Process Clause."); Eguia v. Tompkins, 756 F.2d 1130, 1137 (5th Cir. 1985)("If the State of Texas demands that its officials afford a more elaborate process than the Constitution requires, its demand cannot alone expand the boundaries of federal, constitutional due process." (citations omitted)); Goodrich v. Newport News School Bd., 743 F.2d 225, 227 (4th Cir. 1984)("When the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations." (citations omitted)).  As the United States Court of Appeals for the Fifth Circuit noted, a contrary rule would mean that a citizen's federal right to due process would depend on where he lived and what procedures his home state chose to guarantee, instead of applying in the same manner to all Americans regardless of their residence.  See Eguia v. Tompkins, 756 F.2d at 1137 n.11 ("To hold otherwise would be to acknowledge a constitutional requirement of one due process for the citizens of Texas, another for the citizens of Louisiana, and yet another for the citizens of each state.  We decline to make such a shambles of the Constitution's uniform grant of rights to all United States citizens.").

## ANALYSIS

The Defendants are entitled to a partial judgment on the pleadings.  In their initial motion, the Defendants assert that Count II grounds its request for relief under § 1983 on a violation of the New Mexico Peace Officers' Employer-Employee Relations Act.  See Motion for Judgment at 2.  The Defendants argue that the Court should grant them a judgment on the pleadings because § 1983 only protects against a violation of federal, not state, rights.  See id.  As such, the Defendants contend that

Archuleta has failed to state a claim upon which the Court can grant him relief and that the Court should dismiss his complaint with prejudice. See id.

Archuleta admits that he cannot recover under § 1983 merely on the basis of a breach of a state law, but explains that Count II alleges a violation of procedural due process as a result of the Defendants' failure to comply with New Mexico administrative law. See Response at 2. The Defendants contend that the Court should, in light of Archuleta's reformulation of Count II, treat their motion as a motion for partial judgment on the pleadings. See Reply at 1-2. The Defendants inform the Court that they will address Archuleta's procedural due process claim in a future summary judgment motion. See id. at 2. This approach is a reasonable one.

At first glance, Count II of the First Amended Complaint alleges that the Defendants violated Archuleta's rights under the New Mexico Peace Officers' Employer-Employee Relations Act and that, consequently, Archuleta may recover under § 1983. See First Amended Complaint ¶¶ 19-20, at 6. If true, the Defendants would be entitled to judgment on the pleadings because § 1983 does not remedy violations of rights protected by state law, as Archuleta concedes. See Jones v. City & County of Denver, 854 F.2d at 1209; Response at 2.

Further scrutiny, however, reveals that Count II also alleges a violation of his procedural due process rights under the Fourteenth Amendment of the United States Constitution, as secured by § 1983, in connection with the administrative processes related both to his demotion and to his termination. Specifically, Archuleta contends that the Defendants violated his right to procedural due process by conducting the administrative process leading to his demotion and termination with a retaliatory motive. See First Amended Complaint ¶¶ 19-20, at 6; Response at 2-3. Archuleta also believes that the Defendants' failure to provide him with the procedural protections enshrined in New

-9-

Mexico law -- for example, by limiting his ability to present evidence in his defense and to tell his version of events -- constituted an independent violation of the United States Constitution's guarantee of due process of law. See First Amended Complaint ¶¶ 19-20, at 6; Response at 3. Indeed, the last sentence in Count II explicitly notes that the Defendants' activity violates Archuleta's "constitutional and statutorily-protected rights." First Amended Complaint ¶ 20, at 6 (emphasis added).

In light of the Court's analysis of Archuleta's First Amended Complaint, the Court arrives at two conclusions. First, to the extent that Count II bases a § 1983 action solely on a violation of New Mexico state law, the Defendants are entitled to judgment on the pleadings. Archuleta has failed, in part, to state a claim in Count II upon which the Court may grant him relief.

Second, the Defendants have not shown beyond doubt that Archuleta can prove no set of facts in support of his claim which would entitle him to relief, which is the proper standard for a rule 12(c) motion. See Callery v. United States Life Ins. Co., 392 F.3d at 404. If Archuleta shows that the Defendants' alleged failure to abide by New Mexico's procedural requirements also violated the minimum due process requirement of a fair forum under the United States Constitution, then Archuleta can recover under § 1983. See Atencio v. Board of Education, 658 F.2d at 779-80. That constitutional right to procedural due process is a proper basis for a § 1983 claim. See id. To the extent that Count II puts forward a procedural due process claim under § 1983, and not a claim for violation of the New Mexico Peace Officers' Employer-Employee Relations Act, the Court will therefore deny, in part, the Defendants' motion for judgment on the pleadings and allow Archuleta to go forward on that claim.

Archuleta further requests that, if the Court grants the Defendants' motion, he be granted leave to amend his Complaint. See Response at 4-5. Because the Court is not dismissing the claim

that Archuleta seeks to prosecute, the Court will deny the request to amend.  If, however, despite the Court's ruling, Archuleta still wishes to amend, he can approach the Court again to seek leave to amend.

**IT IS ORDERED** that the Defendants' Motion for Partial Judgment on the Pleadings as to Count II of Plaintiff's First Amended Complaint with Supporting Authority is granted in part and denied in part.  The Defendants' motion is granted to the extent that the First Amended Complaint attempts to state a claim for alleged violations of state law under the New Mexico Peace Officers' Employer-Employee Relations Act, but is otherwise denied.  Archuleta's request for leave to amend is denied without prejudice to his seeking leave again.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Maureen A. Sanders
Sanders & Westbrook, P.C.
Albuquerque, New Mexico

> *Attorney for the Plaintiff*

Stephen G. French
Robyn Hoffman
Valerie Chang
French & Associates, P.C.
Albuquerque, New Mexico

– and –

James P. Sullivan
Sullivan Law Firm
Santa Fe, New Mexico

*Attorneys for the Defendants*