IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY ARCHULETA,

        Plaintiff,

    vs.                                                               No. CIV-04-00247 JB/DJS

CITY OF SANTA FE, SANTA FE
POLICE DEPARTMENT, JOHN DENKO,
both in his individual and official former
capacity as Chief of Police, BEVERLY
LENNEN, both in her individual and
official capacity as Chief of Police and
ANDREW LEYBA, both in his individual
and official capacity as Captain in the Santa Fe
Police Department,

        Defendants,

and,

CITY OF SANTA FE, et al.,

        Defendants/Counter-Claimants,

vs.

JERRY ARCHULETA,

        Plaintiff/Counter-Defendant.

        Defendant.

**MEMORANDUM OPINION AND ORDER**

       THIS MATTER comes before the Court upon Defendants' Motion for Judgment on the

Pleadings as to Plaintiff's Substantive Due Process Claim Asserted at Count I of the First

Amended Complaint, filed August 24, 2005 (*Doc.* 75).  Defendants move for judgment in this case on the grounds that the substantive due process clause of the Fourteenth Amendment does not protect Plaintiff's property interest in his continued public employment.  The Court has reviewed the Motion, the memoranda and exhibits submitted by the parties, and the relevant authorities.  The Court finds the Motion **granted in part and denied in part**.

**I.     Background**

This case arises from the demotion and subsequent termination of Plaintiff Jerry Archuleta from the Santa Fe Police Department.  Plaintiff's current action in federal court consists of claims of violation of substantive and procedural due process as guaranteed under § 1983 by the First and Fourteenth Amendments, as well as two other federal claims which do not need to be addressed here.  There are currently three motions for summary judgment pending in this case, which are, at least in part, dependent on the ruling here.

**II.    Standard of Review**

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is to be treated the same as a motion to dismiss for failure to state a claim, as would be brought under Rule 12(b)(6). *Callery v. U.S. Life Ins. Co. in N.Y.*, 392 F.3d 401, 404 (10th Cir. 2004).  Under this standard, the Court must assume all well-pleaded facts to be true, and may dismiss claims asserted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief."  *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**III.   Discussion**

    **A.     Public Employment and Substantive Due Process**

At issue here is whether Plaintiff's recognized property interest in his employment with the

City of Santa Fe Police Department triggers substantive due process protection as well as the undisputed procedural due process protection. As duly noted by both parties' briefing, there is currently a Circuit Court of Appeals split regarding whether a property interest in public employment is protected by the substantive due process clause of the Fourteenth Amendment. The Court has found that at least eight Circuits have not found a public employee's continued employment to be a fundamental enough right to trigger substantive due process protection, while the First and Fifth Circuits have definitively held that substantive due process protection can be applied to the area of public employment.[1]

More pertinent for the case at bar, however, neither the United States Supreme Court nor the Tenth Circuit has definitively ruled on the issue of whether the substantive due process clause of the Fourteenth Amendment protects a public employee's property interest in his employment. *See Archuleta v. Co. Dep't of Insts.*, 936 F.2d 483, 489 n.6 (10th Cir. 1991) (citing *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229 (1985)). As Defendants point out, while the Tenth

---

[1] *See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 142-143 (3d. Cir. 2000) (citing *Singleton v. Cecil*, 176 F.3d 419, 425-426 (8th Cir. 1999) (en banc) (holding a public employee's interest is not fundamental enough to be protected); *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) (en banc) (holding employment rights are not fundamental); *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1350 (6th Cir. 1992) (holding state created right to employment does not receive substantive due process protection); *Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d 1134, 1142 n.10 (4th Cir. 1990) (holding state law contract right in employment is not a fundamental interest); *Local 342, Long Island Pub. Serv. Employees v. Town Bd. of Huntington*, 31 F.3d 1191, 1196 (2d Cir. 1994) (holding simple state law contracts rights are not worthy of substantive due process protection); *Lum v. Jensen*, 876 F.2d 1385, 1389 (9th Cir. 1989) (holding no clearly established constitutional right to substantive due process protection for public employment); *Kauth v. Hartford Ins. Co. of Ill.*, 852 F.2d 951, 958 (7th Cir. 1988) (holding a state-created property interest has not established a substantive due process claim); *but see Newman v. Mass.*, 884 F.2d 19, 25 (1st Cir. 1989) (holding teacher's employment status can trigger substantive due process). *See also Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993) (recognizing there can be a claim of substantive due process in the public employment context).

3

Circuit has ruled in the past that this substantive due process protection may be available, in recent years they have retreated from this position. *See Hennigh v. City of Shawnee*, 155 F.3d 1249, 1257 (10th Cir. 1998); *Curtis v. Okla. City Pub. Schs. Bd. of Educ.*, 147 F.3d 1200, 1215 n. 17. (10th Cir. 1998). Plaintiff is able to cite to one Tenth Circuit case, *Tonkovich v. Ks. Bd. of Regents*, 159 F.3d 504, 528 (10th Cir. 1998), for the holding that a tenured law professor had a property interest deserving of substantive due process protections. *Id*. The Circuit has made it clear in *Curtis*, however, that it has not established whether a state law employment contract right is a property right for purposes of substantive due process protection. 147 F.3d at 1215 n.17.

Even more persuasive to the Court, though, is the way that the sister courts in our District have interpreted the Circuit's most recent findings. Indeed, the majority of holdings indicate that the substantive due process clause does not protect a public employee's interest in his employment. *See Roe v. Antle*, 964 F.Supp. 1522 (D.N.M. 1997); *Kube v. City of Texico*, No. CIV 02-0710 (unpublished Mem. Op. & Order) (D.N.M. June 2, 2003); *Widmer v. State of N.M.*, No. CIV 94-672 (unpublished Mem. Op. & Order) (D.N.M. October 14, 1998); *Herrera v. City of Albuquerque*, No. CIV 97-756 (unpublished Mem. Op. & Order) (D.N.M. August 13, 1998); *Cibas v. Lockwood*, No. CIV 90-341 (unpublished Mem. Op. & Order) (D.N.M. August 22, 1994). In the absence of a concrete ruling from the Tenth Circuit, the overwhelming decision has been to follow the analysis of the Eleventh Circuit, as laid forth in *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) (en banc). S*ee Morales v. City of Albuquerque*, No. CIV 99-452 (unpublished Mem. Op & Order) (D.N.M. July 26, 2000).

*McKinney* concluded that an employee's property right in his employment is only

protected by the procedural component of the due process clause.  20 F.3d at 1560.  Further, *McKinney* clearly established that substantive due process should only be invoked to protect against fundamental deprivations of rights.  *Id*. at 1556.  Most importantly, it was noted that the Supreme Court has been reluctant to expand which rights would trigger substantive due process, and in fact has advocated judicial restraint in this area.  *Id*. (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)).

Under this analysis, the Court is extremely reluctant to declare that apart from Plaintiff's obvious procedural due process rights, he has any right which would invoke such substantive due process protection.  The property right of continued public employment just does not compare to the fundamental rights which are traditionally protected by substantive due process: "personal decisions relating to marriage procreation, contraception, family relationships, child rearing and education."  *Lawrence v. Texas*, 539 U.S. 558, 574 (2003).  Instead, the Court agrees that "areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'"  *McKinney*, 20 F.3d at 1556 *(*quoting *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229 (1985) (Powell, J., concurring).  The Court further agrees that because of the lack of substantive protection, these state law based rights may be rescinded, so long as the elements of procedural due process are observed.  *See McKinney*, 20 F.3d at 1556.

Even if Plaintiff's property right in employment would be considered protected under substantive due process, his termination still does not meet the "shocks the conscience" test which

5

is further needed to trigger substantive due process protection. The Supreme Court has held that substantive due process claims arise only when the plaintiff can demonstrate "the cognizable level of executive abuse of power as that which 'shocks the conscience'." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).  Examples of conduct that the Supreme Court held would "shock the conscience" are not even close to being analogous to the facts presented here. Activities which would satisfy this test include a public school principal beating a third grade student with a paddle while the child was being held upside down by a teacher, leaving the child with cuts, welts, deep bruises and permanent scars. *Id*. (citing *Garcia v. Miera*, 817 F.2d 650, 658 (10th Cir. 1987)).  Another instance of this conduct involved a sheriff raping a female suspect and threatening to put her in jail if she resisted him.  *Lewis*, 523 U.S. at 846 (citing *Bennett v. Pippin*, 74 F.3d 578, 583-84 (5th Cir. 1996)).  Even after examining the pleadings here in the light most favorable to Plaintiffs, no action is alleged which so horrifies the Court that it would be willing to state Plaintiff's rights had been so violated as to warrant substantive due process protection.

        **B.**     **Substantive Due Process Based on First Amendment Rights**

Plaintiff sets forth the argument that even if he is not found to have triggered substantive due process protection based on his property interest in his employment, he still has a viable substantive due process claim based upon violations of his First Amendment rights.  The Court finds this argument persuasive, if redundant, and agrees with Defendants that a substantive due process claim that is based upon alleged violations of Plaintiff's First Amendment rights will stand or fall with Plaintiff's independent First Amendment claim.  *See Finch v. Fort Bend Indep. Sch.*

*Dist.*, 333 F.3d 555,563 (5th Cir. 2003).  Bearing this in mind, the Court necessarily will decide whether Plaintiff has any remaining substantive due process claim in its pending summary judgment decision.  Even if there is a remaining substantive due process claim, the Court doubts that this claim would also be able to survive the "shocks the conscience" test again, but the Court cannot make that determination until the summary judgment opinion.

Therefore, to the extent that Plaintiff's substantive due process claim asserted in Count I falls under the Fourteenth Amendment, the Count is dismissed with prejudice, but as to the extent that Count I is triggered by Plaintiff's rights under the First Amendment it is allowed to remain until Plaintiff's First Amendment claim is shown to either stand or fall.

Wherefore,

**IT IS ORDERED** that Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Substantive Due Process Claim Asserted at Count I of the First Amended Complaint, filed August 24, 2005 is **granted in part and denied in part.**

DATED November 15, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    Maureen A. Sanders, Esq.
    Duff Westbrook, Esq.
    Sanders & Westbrook, P.C.
    Albuquerque, New Mexico

Counsel for Defendants:

    Stephen G. French, Esq.
    Robyn Hoffman, Esq.
    French & Associates, P.C.
    Albuquerque, New Mexico

    James P. Sullivan, Esq.
    Sullivan Law Firm, P.A.
    Santa Fe, New Mexico